Hon. Joseph J. Cassata, Jr. City Attorney, Tonawanda
This is in response to your letter wherein you ask whether or not the employment of a city alderman, as a real estate sales agent in the private sector, creates an automatic conflict of interest with the position of chairman of the Land Sales Committee of the Common Council in the public sector. You state that the alderman's office is an elected, part-time position.
General Municipal Law, Article 18, contains the provisions governing conflicts of interest of municipal officers and employees. Section 801 provides that no municipal officer shall have an "interest" in a contract where such officer individually or as a member of the governing board has the power or duty to negotiate contracts. Section 800 (3) defines interest as a direct or indirect pecuniary benefit accruing to the municipal officer as a result of a contract with the municipality which such officer serves. As a member of the Common Council and chairman of the Land Sales Committee, the alderman would be in a position to negotiate contracts for the sales of real property. This would not, however, automatically create a conflict of interest merely because the alderman is also a real estate sales agent. A conflict would result only if the alderman represented the other party in the city's purchase or sale of real estate. His prohibited interest would be the commissions received on the sale.
While section 802 contains certain exceptions to the prohibitions contained in section 801, the only applicable part would be found in section 801, subdivision 2, paragraph f, which excepts:
 "f. A contract in which a municipal officer or employee has an interest if the total consideration payable thereunder, when added to the aggregate amount of all consideration payable under contracts in which such person had an interest during the fiscal year, does not exceed the sum of one hundred dollars."
It is not very likely, however, that the commissions of the real estate sales agent would not exceed one hundred dollars. If this situation did occur, the alderman would be required to make disclosure of the interest under General Municipal Law, § 803, and would, of course, be disqualified, as alderman, from any deliberations or action by the city relating to the purchase or sale of the real estate.